# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

2018 NOV 16  AM 10: 50

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>CELLULAR TELEPHONE ASSIGNED CALL NUMBER<br>(937) 313-9572, THAT IS STORED AT PREMISES<br>CONTROLLED BY Sprint Corporation | )<br>)<br>)<br>)<br>)<br>)   Case No.  2:18 mj 846 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Schedule A

located in the _____ District of _____ Kansas _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Schedule B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1951 | Interference with Interstate Commerce by Robbery |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

TFO
6551

*Applicant's signature*

Task Force Officer Brian V. Boesch

*Printed name and title*

Sworn to before me and signed in my presence.

Date: Nov. 16, 2018

City and state:  Columbus, OH

*Judge's signature*

Magistrate Judge Elizabeth Preston-Deavers

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR _____

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(937) 313-9572,** THAT IS STORED AT PREMISES CONTROLLED BY **Sprint Corporation** | Case No. __**2 : 1 8 mj 8 4 6**__<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, **Task Force Officer (TFO) Brian V. Boesch** , being first duly sworn, hereby depose

and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for

information associated with a certain cellular telephone assigned call number **(937) 313-9572,**

("the SUBJECT PHONE"), that is stored at premises controlled by Sprint Corporation, a

wireless telephone service provider headquartered at 6480 Sprint Parkway, Overland Park, KS

66251. The information to be searched is described in the following paragraphs and in

Attachment A. This affidavit is made in support of an application for a search warrant under 18

U.S.C. § 2703(c)(1)(A) to require Sprint Corporation to disclose to the government copies of the

information further described in Section I of Attachment B. Upon receipt of the information

described in Section I of Attachment B, government-authorized persons will review the

information to locate items described in Section II of Attachment B.

2.      I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and

Explosives, and have been since July 6, 2014. I have been employed as a police officer by the

Columbus Division of Police since November 6, 1994. During that time, I have investigated

thousands of robbery cases and testified in State and Federal court regarding the use of cell phones by suspects to communicate their criminal acts and document evidence. I have also testified, and believe that a person carries their cell phone with them nearly all the time. The cell phone technology allows for the tracking of the cell phone handset based on the handset being acquired by certain cell towers in the area. Therefore, it can be determined the historical location of an individual's cell phone in relation to crimes they are suspected of committing.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 USC § 1951, The Hobbs Act have been committed, are being committed, and will be committed by numerous suspects. There is also probable cause to search the information described in Attachment A for [evidence, instrumentalities, contraband, or fruits] of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5. James TAYLOR's fingerprints were located on a robbery demand note recovered from the robbery scene at the Rite Aid pharmacy located at 564 McAdams Dr., New Carlisle, OH on April 26, 2018. The robbery was committed at 10:35am. On September 7, 2018, TAYLOR was arrested with another individual as he exited the Rite Aid pharmacy in Enon, OH. The other individual was in possession of a demand note very similar in format and language as the note with TAYLOR's fingerprints. TAYLOR's cell phone was seized and a federal search warrant was obtained to forensically examine the handset. Upon examination, TFO Boesch

2

found conversations between TAYLOR and Damar KERLEY talking about "just scoring" at 10:38am. KERLEY's fingerprints were located on a medication bottle that was discarded several blocks from the robbery of a Rite Aid pharmacy in Dayton, OH on April 16, 2018. This discarded bottle contained a GPS tracking device that was also discarded with the bottle. During an interview with Dayton Police Detective Anthony Sawmiller, TAYLOR admitted to being in the car with the suspect that robbed the pharmacy on April 26, 2018 and that his job was to empty the pill bottles and discard the bottles out of the car window. Furthermore, TAYLOR admitted to being a lookout and casing the Rite Aid pharmacy in Dayton on September 5, 2018. Surveillance video shortly before the robbery shows TAYLOR enter the pharmacy just prior to the robbery being committed. TAYLOR's photo was positively identified in a photo array by two of the victims. TFO Boesch believes that the historical call detail records will place TAYLOR's cell phone in the area of each robbery, especially when he placed an instant message to KERLEY three (3) minutes after the robbery in New Carlisle, OH. TFO Boesch learned that the phone number for TAYLOR's phone, (937) 313-9572, is provided by the Sprint Corporation.

6.     In my training and experience, I have learned that Sprint Corporation is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.

3

Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

7.     Based on my training and experience, I know that Sprint Corporation can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as Sprint Corporation typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

8.     Based on my training and experience, I know that wireless providers such as Sprint Corporation typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as Sprint Corporation typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

9.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

4

10.     I further request that the Court direct Sprint Corporation to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.  Because the warrant will be served on Sprint Corporation, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

11.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

Brian V. Boesch
Task Force Officer (TFO)
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Subscribed and sworn to before me on November 16, 2018

Elizabeth Preston Deavers
UNITED STATES MAGISTRATE JUDGE

5

**ATTACHMENT A**
**Property to Be Searched**

This warrant applies to records and information associated with the cellular telephone assigned call number (937) 313-9572, ("the Account"), that are stored at premises controlled by Sprint Corporation ("the Provider"), headquartered at 6480 Sprint Parkway, Overland Park, KS 66251.

## **ATTACHMENT B**

### **Particular Things to be Seized**

**I.  Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession,

custody, or control of the Provider, including any information that has been deleted but is

still available to the Provider or that has been preserved pursuant to a request made under 18

U.S.C. § 2703(f), the Provider is required to disclose to the government the following

information pertaining to the Account listed in Attachment A for the time period beginning

**March 1, 2018 until September 7, 2018**:

    a.  The following information about the customers or subscribers of the Account:

        i.  Names (including subscriber names, user names, and screen names);

        ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.  Local and long distance telephone connection records;

        iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.  Length of service (including start date) and types of service utilized;

        vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

    viii.   Means and source of payment for such service (including any credit card or bank account number) and billing records.

b.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

    i.   the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

    ii.  information regarding the cell towers and sectors through which the communications were sent and received.

## II. Information to be Seized by the Government

All information described above in Section I that constitutes [evidence, fruits, contraband, and instrumentalities] of violations of 18 USC § 1951 involving James P. TAYLOR, Jr. during the period **March 1, 2018 until September 7, 2018**.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC
## RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE
## 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in

this certification is true and correct. I am employed by **[PROVIDER]**, and my title is

_____. I am qualified to authenticate the records attached hereto

because I am familiar with how the records were created, managed, stored, and retrieved. I state

that the records attached hereto are true duplicates of the original records in the custody of

**[PROVIDER]**. The attached records consist of _____ **[GENERALLY DESCRIBE**

**RECORDS (pages/CDs/megabytes)]**. I further state that:

a.      all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth by, or from information transmitted by, a person with

knowledge of those matters, they were kept in the ordinary course of the regularly conducted

business activity of **[PROVIDER]**, and they were made by **[PROVIDER]** as a regular practice;

and

b.      such records were generated by **[PROVIDER'S]** electronic process or system

that produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or

file(s) in the custody of **[PROVIDER]** in a manner to ensure that they are true duplicates of the

original records; and

2.      the process or system is regularly verified by **[PROVIDER]**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____
Date                                                        Signature

2